## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MUBITA A. KANAY,

                Petitioner,

vs.

CRISTOFER CHESTNUT,

                Respondent.

Case No. 2:26-cv-01573-GMN-EJY

**ORDER TRANSFERRING CASE**

Pending before the Court is Petitioner Mubita A. Kanay's Petition for Habeas Corpus Relief under 28 U.S.C. § 2241, (ECF No. 1).  Petitioner is a federal immigration detainee proceeding pro se.

"Federal courts are always under an independent obligation to examine their own jurisdiction, and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (internal quotation marks and citation omitted).  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2005).  The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigration detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

Here, the Petition challenges Petitioner's current detention at the California City Immigration Processing Center in California City, California.  The Petition was filed while Petitioner was being detained at the California City Immigration Processing Center.  Because California City is located within Kern County, which is in the territorial boundaries of the

Eastern District of California, this Court lacks jurisdiction under § 2241 to entertain a challenge to his custody. *See* 28 U.S.C. § 84(b) ("The Eastern District comprises the counties of Alpine, Amador, Butte, Calaveras, Colusa, El Dorado, Fresno, Glenn, Inyo, Kern, Kings, Lassen, Madera, Mariposa, Merced, Modoc, Mono, Nevada, Placer, Plumas, Sacramento, San Joaquin, Shasta, Sierra, Siskiyou, Solano, Stanislaus, Sutter, Tehama, Trinity, Tulare, Tuolumne, Yolo, and Yuba."). Therefore, the Petition cannot proceed in this judicial district.

When a civil action, including a habeas petition, is filed in a court lacking jurisdiction, transfer may be appropriate under 28 U.S.C. § 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001).

Here, all three factors are satisfied. First, this Court lacks jurisdiction under § 2241 because the Petition challenges present physical custody outside of this district. Second, the Eastern District of California could have exercised jurisdiction over the Petition when it was filed because Petitioner is detained within that district and Petitioner's custodian is subject to the authority of that judicial district. Third, transfer would avoid unnecessary dismissal and refiling, thereby serving the interest of justice. Accordingly, the Court concludes that this action should be transferred to the Eastern District of California in the interest of justice. *See* 28 U.S.C. § 1631.

///

///

///

///

///

///

Accordingly,

**IT IS HEREBY ORDRED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of California.

The Clerk of Court is kindly directed to mail Petitioner a copy of this Order.

**DATED** this _____1_____ day of June, 2026.

_____

Gloria M. Navarro, District Judge
United States District Court