UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUBITA A. KANAY,<br>Petitioner,<br>v.<br>CHIRSTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-04197-DJC-AC<br><br>ORDER |

Before the Court is a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 16)) filed by a noncitizen who has been detained by Immigration and Customs Enforcement ("ICE") for over thirteen months pursuant to 8 U.S.C. § 1226(c). During this time, Petitioner has never received a bond hearing nor any other individualized assessment of whether he presents a risk of flight or danger to the community. For the reasons stated below, the Court finds Petitioner is entitled to a bond hearing and the Petition is granted.

**BACKGROUND**

Petitioner is an immigration detainee who entered the United States in 2001. (Pet. ¶ 1.) In June 2006, Petitioner was convicted of three counts of "Transfer of body fluid which may contain the HIV virus" codified at Idaho Code § 39-608. (Suppl. Br.

(ECF No. 12) at 1; Opp'n (ECF No. 14) at 2–3.) Petitioner was released from criminal custody on June 5, 2025. (Suppl. Br. at 1.) Immediately upon release, ICE detained Petitioner pursuant to 8 U.S.C. § 1226(c)(1)(B), which requires detention of anyone who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." (8 U.S.C. § 1226(c)(1)(B); Suppl. Br. at 1; Opp'n at 4.)

On November 6, 2025, an Immigration Judge denied Petitioner's applications for asylum, withholding of removal, and withholding or deferral of removal under the Convention Against Torture and ordered Petitioner removed to Zambia. (ECF No. 12-1, Ex. 4 at 10–11.) Petitioner timely appealed that order to the Board of Immigration Appeals ("BIA"). (Suppl. Br. at 1; Opp'n at 2.) That appeal remains pending before the BIA. (Suppl. Br. at 1.) To date, Petitioner has been detained pursuant to 8 U.S.C. § 1226(c) for thirteen months without a bond hearing. (*Id.*)

**DISCUSSION**

Petitioner argues his thirteen-month detention without a bond hearing violates the Fifth Amendment Due Process Clause. (Suppl. Br. at 2.)

This Court has previously joined other district courts in concluding that the prolonged and indefinite detention of noncitizens pursuant to statutes mandating detention without a bond hearing can violate the Due Process Clause. *See Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026); *Mohammed v. Warden of Cal. City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368 (E.D. Cal. Jan. 26, 2026); *K C v. Chestnut*, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505 (E.D. Cal. Feb. 13, 2026); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) (explaining that "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process'") (quoting *Martinez v. Clark*, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D.

Wash. May 23, 2019), *report and recommendation adopted*, No. 2:18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019)).

Though the Government argues the Supreme Court's decision in *Demore v. Kim*, 538 U.S. 510 (2003) sanctions Petitioner's detention under 1226(c), this Court has previously rejected that argument for those detained substantially beyond the six-month detention period contemplated by that case. *See Keo v. Chestnut*, 2026 WL 747117, at *1–2; *Yang v. Chestnut*, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018, at *2 (E.D. Cal. Apr. 3, 2026); *see also Du v. Chestnut*, No. 1:26-cv-01435-DJC-CSK, 2026 WL 823090, at *1 (E.D. Cal. Mar. 23, 2026); *Demore*, 528 U.S. at 530 (explaining that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the [noncitizen] chooses to appeal"). In such cases, this Court has joined "district courts throughout this circuit [which] have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)." *Martinez v. Clark*, 36 F.4th 1219 (9th Cir. 2022), *cert. granted, judgment vacated on other grounds*, 144 S. Ct. 1339 (2024).

To determine if Petitioner's due process rights have been violated by his thirteen-month detention without a bond hearing, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was initially detained in June 2025 and has remained in custody for the thirteen months since. (Suppl. Br. at 1.) Further,

Petitioner faces indefinitely prolonged detention while administrative and potentially judicial review of his claims for relief from removal plays out. As Petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, Petitioner has established his liberty interest. *See Zadvydas*, 533 U.S. at 690, 693.

Having established that Petitioner has a protected liberty interest, the Court must determine whether Petitioner is now due process under the Constitution. Courts in this Circuit weigh the following factors to ascertain when prolonged detention pursuant to 8 U.S.C. § 1226(c) violates the Due Process Clause: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal." *Martinez*, 2019 WL 5968089, at *7.

First, the "length of detention," which is "the most important factor," weighs in Petitioner's favor as Petitioner has been detained for over thirteen months. (*Id.* at *9; Suppl. Br. at 1.) This length aligns with those other courts have found warrant a bond hearing under the Due Process Clause. *See, e.g.*, *See Yagoub v. LaRose*, No. 3:26-cv-00914 JLS-JLB, 2026 WL 673799, at *2 (S.D. Cal. Mar. 10, 2026) (finding Petitioner's detention of "nearly eight months" without a bond hearing weighed in Petitioner's favor); *see also Amado v. United States Dep't of Just.*, No. 3:25-cv-02687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (explaining that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable" and collecting cases); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–80 (finding fact that detention had spanned twelve months weighed in favor of granting bond hearing).

The second factor also favors Petitioner. This factor requires consideration of "how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. Petitioner's detention is likely to endure indefinitely while determinations about Petitioner's removability are made and appealed. *Id.* (finding likely length of future detention absent judicial intervention weighed in favor of granting a bond hearing even where Petitioner had already received a removal order and filed an appeal). Thus, this factor weighs in Petitioner's favor. *Loba L.M. v. Andrews*, No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *report and recommendation adopted*, No. 1:25-cv-00611-JLT-SAB, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Bojorge-Sequeira v. Geo Grp. Inc.*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 288378, at *5 (W.D. Wash. Jan. 15, 2026), *report and recommendation adopted*, No. 2:25-cv-01807-KKE-GJL, 2026 WL 285657 (W.D. Wash. Feb. 3, 2026) (finding this factor weighed in favor of petitioner who had appealed the Immigration Judge's decision to the BIA).

The third factor and fourth factor weigh against Petitioner. The fourth factor considers "whether the detention will exceed the time the petitioner spent in prison for the crime that made [them] removable." *Martinez*, 2019 WL 5968089, at *7; *see also Zagal-Alcaraz*, 2020 WL 1862254, at *5 (D. Or. Mar. 25, 2020) (finding "the imbalance between the length of [petitioner's] criminal sentence and his immigration detention weighs in Petitioner's favor"). Petitioner's incarceration of approximately nineteen years certainly exceeds his current thirteen-month detention. (Suppl. Br. at 1.) Further, due to both the length of Petitioner's sentence and the potential harm inflicted on others by Petitioner's crime, the Court finds the crime that triggered

Petitioner's removability extremely serious. Accordingly, both factors weigh in the Government's favor.

The fifth factor is neutral as neither party has presented arguments or evidence concerning the conditions of Petitioner's confinement. *See Ding v. Noem*, No. 1:26-cv-01217-DJC-SCR, 2026 WL 776029 (E.D. Cal. Mar. 19, 2026) (finding this factor neutral when the parties did not address it); *see also Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020) (finding the "third factor—conditions of the detention facility where Petitioner is detained—is neutral because the parties have not submitted any evidence regarding the conditions at the Northwest Detention Center").

The sixth factor is neutral while the seventh favors Petitioner. In assessing whether petitioners have contributed to the delay, courts distinguish between "legitimate defenses" to removal, which "cannot undermine [a petitioner's] claim that detention has become unreasonable," and "dilatory" or "bad faith" tactics to "deliberately slow the proceedings." *Martinez*, 2019 WL 5968089, at *10 (collecting cases); *see also Abduraimov v. Andrews*, No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025). The Government does not identify any steps Petitioner took in bad faith to delay his removal proceedings. (*See generally* Opp'n.) And though Petitioner also points to no steps the Government has taken in bad faith to delay these proceedings, "this delay is attributable to the Government." *See Martinez*, 2019 WL 5968089, at *10.

Finally, the eighth factor is neutral. The Court lacks sufficient information to assess the likelihood that Petitioner's removal proceedings will result in a final order of removal and, therefore, declines to do so. *See Sarr v. Scott*, 765 F. Supp. 3d 1091, 1109 (W.D. Wash. 2025) (declining to speculate as to the merits of Petitioner's appeal to the Ninth Circuit after the Immigration Judge and the BIA found Petitioner removable).

The balance of these factors supports Petitioner as three factors, including the most important one, the length of Petitioner's detention, weigh in Petitioner's favor while two favor Respondents. Having established Petitioner has a liberty interest and determined that his prolonged and indefinite detention warrants process, the Court finds Petitioner is entitled to a bond hearing.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to the first cause of action.[1]
2. Within seven (7) days of this Order, Petitioner shall be afforded a constitutionally adequate bond hearing before an Immigration Judge. At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have counsel present.[2] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the Immigration Judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

////

////

////

////

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

[2] This burden of proof has been regularly applied by courts reviewing similar cases, and the Court adopts the views of those courts here. *See, e.g.*, *Pablo Sequen v. Albarran*, --- F.Supp.3d ----, 2025 WL 2935630, at *13–14 (N.D. Cal. Oct. 14, 2025); *Martinez Hernandez v. Andrews*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *13–14 (E.D. Cal. Aug. 28, 2025); *Castellon v. Kaiser*, No. 1:25-cv-00968-JLT-EPG. 2025 WL 2373425, at *11–12 (E.D. Cal. Aug. 14, 2025).

3. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Kanay26cv04197.merits